UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE VRYHOF,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No.: 16cv1825 JM (DHB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

　　　　On July 15, 2016, Plaintiff Elaine Vryhof filed a complaint, pursuant to 42 U.S.C. § 405(g), asking for judicial review of the denial of Social Security disability benefits. (Doc. No. 1.) On January 26, 2017, Plaintiff moved for summary judgment. (Doc. No. 10.) Five days later, Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, did the same. (Doc. No. 11.) Magistrate Judge Louisa S. Porter issued a Report and Recommendation ("R&R") recommending that this court deny Plaintiff's motion and grant Defendant's motion. (Doc. No. 14.) Neither party filed objections to the R&R by the date required. Now, having carefully considered the thorough and thoughtful R&R, the record before the court, the applicable authorities, and the absence of any objections to the R&R, the court adopts the R&R in its entirety and grants summary judgment in

favor of Defendant.

## BACKGROUND

The court hereby incorporates by reference the procedural background, (Doc. No. 14 at 2), and factual background, including the review of the administrative record, (id. at 5–12), as presented in the R&R.

## LEGAL STANDARDS

### A. District Court Review of R&R

The duties of the district court in connection with a magistrate judge's R&R are governed by 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b). The district court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 676 (1980); McDonnell Douglas Corp. v. Commodore Bus. Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). If neither party contests the magistrate judge's proposed findings of fact, "the court may assume their correctness and decide the motion on the applicable law." Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo, however, regardless of whether any party filed objections thereto. See Robbins v. Carey, 481 F.3d 1143, 1146–47 (9th Cir. 2007).

### B. Judicial Review of the Commissioner's Decision

The R&R properly identifies the limited scope of judicial review applicable to a final agency decision, (Doc. No. 14 at 4–5), and the court incorporates those standards by reference. In short, a federal court must affirm the decision unless it "is not supported by substantial evidence or it is based upon legal error." Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999).

### C. Determination of Disability

As indicated in the R&R, a claimant must show two things to qualify for disability benefits under the Social Security Act: that (1) he or she suffers from a medically

determinable physical or mental impairment that can be expected to last for a continuous period of twelve months or more, or would result in death, and (2) the impairment renders the claimant incapable of performing the work he or she previously performed or any other substantial gainful employment which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A). And as more thoroughly discussed in the R&R, (Doc. No. 14 at 3–4), and incorporated herein, the administrative law judge ("ALJ") must employ the five-step sequential process laid out in 20 C.F.R. § 416.920 to make a determination of disability.

## DISCUSSION

Plaintiff advances one primary argument in support of her motion for summary judgment: that the ALJ impermissibly disregarded Dr. Margarita Alonso's opinion—specifically Dr. Alonso's answers to a checklist-style mental impairment Residual Functional Capacity questionnaire ("RFC"). In her R&R, Magistrate Judge Porter rejected Plaintiff's argument and found that the ALJ did not err in determining that the RFC had no probative value. This court agrees.

To begin, the RFC contained conclusions with no underlying analysis. See Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004) (affirming denial of benefits where ALJ discounted two treating doctors' opinions because they were in the form of a checklist, did not have supportive objective evidence, were contradicted by other statements and assessments of the claimant's medical condition, and were based on the claimant's subjective descriptions of pain); see also Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (stating that, although "an ALJ cannot reject a claimant's testimony without giving clear and convincing reasons," "it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity"). And although Plaintiff argues that the RFC is supported "by treatment records and years of treatment," the court finds that even those records contradict, in many places, the cursory answers of the RFC.

More importantly (given the applicable scope of review), the ALJ provided specific and legitimate reasons for rejecting the RFC, and those specific and legitimate

reasons were supported by substantial evidence in the record. (See A.R. 30–37 (discussing—in a lengthy analysis with citations to the record—the applicable standard of decision, the details of Plaintiff's testimony, the credibility of Plaintiff's testimony, the medical opinions, evaluations, and records involved in the case along with the weight given to each, and the ALJ's ultimate reasons for rejecting Dr. Alonso's RFC).) That being the case, the ALJ did not err. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996) (observing that an ALJ may reject a treating doctor's opinion if the ALJ provides "specific and legitimate reasons" supported by "substantial evidence in the record").

In sum, the court finds that the agency's decision is not based on legal error or unsupported by substantial evidence. Therefore, it will not be disturbed. Tidwell, 161 F.3d at 601.

**CONCLUSION**

For the reasons stated, the court adopts the R&R in its entirety. Accordingly, the court denies Plaintiff's motion for summary judgment and grants Defendant's motion for summary judgment. The Clerk of Court is directed to close the file.

IT IS SO ORDERED.

DATED: August 30, 2017

JEFFREY T. MILLER
United States District Judge